IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TREY ETHAN BOONE, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:18-CV-009-O |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Trey Ethan Boone, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

On July 14, 2014, in the 355th Judicial District Court, Hood County, Texas, Case No. CR12670, Petitioner judicially confessed and pleaded guilty pursuant to a plea agreement to one count of aggravated sexual assault of a child and was placed on 10 years' deferred adjudication community supervision. SHR[1] 82-89, ECF No. 10-14. Petitioner did not appeal the order of deferred adjudication. The state subsequently moved to adjudicate his guilt based on multiple violations of the conditions of his community supervision. *Id.* at 97-99. On September 21, 2015, Petitioner pleaded true to the violations and, after a hearing, the trial court found the allegations to be true,

---

[1]"SHR" refers to the court record of Petitioner's state habeas proceeding in WR-87,528-01.

adjudicated Petitioner's guilt, and assessed his punishment at 50 years' confinement in TDCJ. *Id.* at 114. Petitioner appealed the judgment adjudicating guilt, but, on July 28, 2016, the Second District Court of Appeals of Texas affirmed the trial court's judgment as modified. Mem. Op. 6, ECF No. 10-3. Petitioner did not file a petition for discretionary review (PDR) in the Texas Court of Criminal Appeals. Pet. 4, ECF No. 1; Elec. R. 1, ECF No. 10-1. On August 18, 2017, Petitioner filed a postconviction state habeas-corpus application, raising one or more of the claims presented herein, which was denied by the Texas Court of Criminal Appeals on December 6, 2017, without written order.[2] Action Taken, ECF No. 10-12; SHR 22, ECF No. 10-13. This federal petition for federal habeas relief was filed on January 2, 2018.[3] Pet. 16, ECF No. 1.

In the petition, Petitioner claims that his indictment was invalid or defective; his trial counsel was ineffective by failing to investigate the grand jury proceedings; and, because the indictment was "illegal," the trial court lacked jurisdiction to convict and sentence him, rendering the judgment void. *Id.* at 6, 8-9. Respondent asserts that the petition is untimely under the federal statute of limitations and should be dismissed. Resp't's Preliminary Answer 5-10, ECF No. 8.

## II. LEGAL DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

---

[2] Petitioner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not state the date Petitioner placed the document in the prison mailing system, however the application was signed and verified by Petitioner on August 18, 2017; thus, the Court deems the application filed on that date. SHR 22, ECF No. 10-13.

[3] Likewise, a petitioner's pro se federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). The petition does not state the date Petitioner placed the document in the prison mailing system, however he signed the petition on January 2, 2018; thus, the Court deems the petition filed on that date. Pet. 16, ECF No. 1.

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because Petitioner's claims relate to the original plea proceedings in 2014, the one-year limitations period began to run under subsection (A), applicable in this case, on the date the order of deferred adjudication became final upon expiration of the time that Petitioner had for filing a notice of appeal on August 13, 2014, and expired one year later on August 13, 2015, absent any tolling. *See Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005).

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's postconviction state habeas application filed on August 18, 2017, over two years after the limitations period had expired, did not operate to toll limitations for purposes of § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus,

the petition is time-barred unless equitable tolling is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner makes no effort to explain his delay nor does he raise a claim of actual innocence. Instead, he asserts that he did not receive notice of the denial of his state habeas application until after December 11, 2017; that the federal statute of limitations does not apply to him under the "void judgment" exception; and, in an apparent attempt to invoke subsection (D), that he filed his state and federal habeas applications within one year of discovering "new evidence"—*i.e.,* letters written by Petitioner's father to Hood County personnel pertaining to the grand jury proceedings under the Public Information Act and responses thereto between October 24, 2016, and May 2, 2017. Pet. 14, ECF No. 1; Attachs. to Pet'r's Reply, ECF No. 11.

However, Petitioner waited until after his deferred adjudication community supervision had been revoked and limitations expired to file his state habeas application. Therefore, any delay in receiving notice of the state court's ruling is irrelevant. Furthermore, the concept of attacking void judgments at any time is a state-law matter and is not an exception to the federal statute of limitations. *See Nortonsen v. Reid,* 133 Fed. App'x 509, 2005 WL 1253964, at *1 (10th Cir.), *cert. denied,* 546 U.S. 1040 (2005); *Bashroba v. Stephens,* No. 3:14-CV-43-N-BN, 2014 WL 4805964, at *3 (N.D.Tex. Sept. 2, 2014), *R. & R. adopted by* 2014 WL 4815787 (N.D.Tex. Sept. 29, 2014). And, finally, to the extent Petitioner attempts to invoke subsection (D) with his "new evidence" claim, he confuses his knowledge of the factual predicate for his claims with the time permitted for

gathering evidence in support of his claims. "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim." *Flanagan v. Johnson,* 154 F.3d 196, 199 (5th Cir. 1998). Instead, the federal limitations period began when the factual predicate of his claims could have been discovered using due diligence, not when they were actually discovered. *See Manning v. Epps,* 688 F.3d 177, 189 (5th Cir. 2012). To invoke this exception, due diligence requires a petitioner to show good reason why he was unable to discover the factual predicate at an earlier date. Merely alleging that he did not know the facts underlying his claim(s) is insufficient. With reasonable diligence, Petitioner could have discovered the basis for his claims at or near the time of the original plea proceedings. Consequently, Petitioner's contention that the statute of limitations did not begin to run until after his father wrote the letters and/or received responses thereto is meritless. Petitioner fails to establish that equitable tolling is warranted.

Absent any applicable tolling of the limitations period, Petitioner's federal petition was due on or before August 13, 2015. His petition filed on January 2, 2018, is therefore untimely.

## III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 28th day of January, 2019.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**